UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-164(4)(DSD/BRT)

United States of America,

       Plaintiff,

v.                                 **ORDER**

Sharrod Juanel Rowe (4),

       Defendant.

    LeeAnn K. Bell, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Albert T. Goins, Esq. and Goins Law Office, Ltd., 301 Fourth Avenue South, Suite 378, Grain Exchange Building, Minneapolis, MN 55415 and Rick L. Petry, Esq. and The Petry Law Firm, 301 Fourth Avenue South, Suite 378N, Minneapolis, MN 55415, counsel for defendant.

    This matter is before the court upon the motions for judgment of acquittal and for a new trial by defendant Sharrod Juanel Rowe. Rowe moved for judgment of acquittal at trial after the government closed its evidence. The court reserved decision until after the jury returned its verdict. The jury found Rowe guilty of conspiracy to distribute cocaine. After trial, Rowe renewed his motion for judgment of acquittal and moved for a new trial.

**I.   Rule 29 Motion**

On a defendant's motion for acquittal, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id. (citation and internal quotation marks omitted).

In the present case, the government offered evidence that was more than sufficient to sustain a conviction. Therefore, denial of the motion is warranted.

**II.   Rule 33 Motion**

Upon the motion of a defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a). The court has broad discretion to grant a new trial, but should do so "only sparingly and with caution." United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004). Rowe argues that a new trial is warranted because the evidence was insufficient to support his conviction and because the

court erred in ruling that certain of his prior statements could be used for impeachment purposes should he testify. As noted above, the evidence presented by the government was sufficient to support a conviction. As to the alleged erroneous ruling, the court declines to revisit the matter now. The motion is denied.

Accordingly, **IT IS HEREBY ORDERED** that the motions for judgment of acquittal and for a new trial [ECF No. 227] are denied.

Dated:  April 27, 2016

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court